IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JERRY L. MCBRIDE, PLAINTIFF

V. NO. 2:07CV176-P-B

COAHOMA COUNTY, et al., DEFENDANTS

**OPINION**

The Court *sua sponte* takes up the dismissal of one of Plaintiff's claims pursuant to 42 U.S.C. § 1983.

*A. Factual Background*

Plaintiff, a prisoner proceeding *pro se*, filed this § 1983 action on October 1, 2007, for denial of medical care. On June 25, 2007, Plaintiff slipped in a puddle of water at the bottom of a set of stairs and fell to the ground. Less than an hour later, Plaintiff asked to see a doctor. The next day a nurse examined Plaintiff but indicated there was no bruising. The nurse gave Plaintiff muscle relaxers to ease any discomfort. Plaintiff again requested to see a doctor and specifically to have x-rays taken. On July 5, 2007, Plaintiff admits that he was seen by a doctor who determined that x-rays were not warranted.

By way of a supplemental filing, Plaintiff adds a second claim for denial of dental care. Plaintiff states that he has requested to see a dentist for a broken tooth on several occasions beginning on August 8, 2004. All of his requests have, thus fare, been denied. Plaintiff complains that the broken tooth is cutting his mouth and causing him pain.

## B. Denial and Delay of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial or delay of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

Based on the facts of this case as presented by Plaintiff, it is clear that he has not been denied medical care. Plaintiff himself admits that, after his fall, he was seen by a nurse and later by a doctor. Though he is unsatisfied with the treatment he received, Plaintiff cannot show that Defendants were deliberately indifferent to a substantial risk of serious harm. Indeed, Plaintiff

2

apparently did not receive any visible injuries from the fall. The doctor examined Plaintiff and determined that further treatment would be unnecessary. Therefore, Plaintiff's claim of denial of medical attention related to his slip and fall is plainly without merit and shall be summarily dismissed.[1]

Though the Plaintiff is obviously dissatisfied with the treatment he received for the slip and fall, the indisputable evidence in this case simply does not support a claim for 1983 relief. In legal terms, a 1983 claim will not lie because Plaintiff disagrees with the course, method and timing of medical treatment. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) (disagreement with the type or timing of medical services provided cannot support a 1983 claim); *see also Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir. 2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

As for the claim related to denial of dental care, the Plaintiff has sufficiently stated a claim and shall be afforded a *Spears* hearing which will be set by further order of this court.

### F. Conclusion

For the foregoing reasons, Plaintiff has failed to state a claim for denial of medical attention arising out of his slip and fall. The claim for denial of medical attention related to his slip and fall shall be dismissed. His second claim regarding denial of dental care shall proceed.

---

[1] If Plaintiff's complaint can be liberally read to include a claim for delayed medical attention, it too is equally unavailing given the absence of a obvious serious injury necessitating emergency treatment. *See Gibson v. Shabazz*, No. Civ. A. H-04-3405, 2005 WL 151396 at *13 (S.D. Tex. June 23, 2005) (noting that claims for delayed medical treatment typically involve "life-threatening situations.")*; see also Buckley v. Correctional Medical Services, Inc*., 125 Fed. Appx. 98, 2005 WL 600651 (8th Cir. 2005) (20 month delay in scheduling elbow surgery after recommended did not state a 1983 claim delay was due to misunderstanding, non-emergency and not detrimental).

A separate order will issue this day in accordance with this opinion.

This the 16th day of November, 2007.

                                                  /s/ W. Allen Pepper, Jr.
                                                  W. ALLEN PEPPER, JR.
                                                  UNITED STATES DISTRICT JUDGE