IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JERRY L. MCBRIDE                                                                           PLAINTIFF

V.                                          CIVIL ACTION NO.: 2:07CV176-WAP-EMB

COAHOMA COUNTY, ET AL.                                                               DEFENDANTS

### REPORT AND RECOMMENDATION

A hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), was scheduled in this case for May 13, 2008, to determine if there exists a justiciable basis for Plaintiff's claims filed pursuant to 42 U.S.C. §1983. An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

In this case, Plaintiff alleges that he began requesting dental care on August 8, 2007.[1] Plaintiff claims that he complained to an Officer Scott, who was in charge of the "dentist list," on several occasions but her only response was that his name was on the list. Plaintiff claims that he had an infected tooth which caused him pain and cut into his tongue.

Plaintiff has filed four motions to amend the Complaint. *See* Docket Entry No.'s 18, 19, 20 & 21. In one Motion (doc. 19) he states he saw a dentist on January 9, 2008, and it was determined that his tooth could not be pulled due to infection. He further alleges that on January

---

[1]Plaintiff's original Complaint and Amended Complaint referred only to a claim for denial of medical care related to a slip and fall accident [docs. 1 & 8]. That claim was dismissed by this Court on November 16, 2007. *See* Order at Docket Entry No. 9.

18, 2008, he was denied medication and a visit to a dentist because he refused to sign a medication log. He said he refused to sign the medication log because it was not correct regarding prior receipts of medication. Notwithstanding, he states he was given antibiotics and pain relievers from January 11, 2008, until January 16, 2008. In another motion to amend (doc. 20), Plaintiff states that he was taken to a dentist on January 24, 2008, and his tooth was pulled. However, he claims he did not receive any pain medication and that Lt. Suggs was aware of his pain and did nothing. (Doc. 20).

During the *Spears* hearing, Plaintiff testified that he received ibuprofen from officers at the jail for his pain up until he was written a prescription during his first dental visit in January 2008. Plaintiff further testified that he sued Sheriff Andrew Thompson because he was in charge of the officers who failed to get him the necessary dental treatment. Plaintiff also testified that he felt several officers at the jail were responsible for failing to provide the necessary treatment.

Because the Amended Complaint and additional proposed amendments named only Coahoma County and Sheriff Thompson, the undersigned directed that Plaintiff amend his Complaint once again to name all the individuals he felt were responsible for the alleged constitutional violation. Plaintiff filed another Motion to Amend (doc. 28) on May 22, 2008. By this motion, Plaintiff seeks leave to amend the Complaint to add Lt. Suggs and Officer Scott. Plaintiff wants to sue Lt. Suggs because in his capacity as jail administrator, he is "responsible" for all inmates in his custody. Plaintiff wants to sue Officer Scott because she was "responsible" for making sure that all medical requests reached the appropriate personnel. Plaintiff also indicates again that he is suing Sheriff Thompson because he is responsible for all inmates detained in the Coahoma County Jail.

As an initial matter, any and all of Plaintiff's claims against Coahoma County should be dismissed. Because he has identified no policy or custom that violated his constitutional rights, he cannot state a claim for municipal liability under § 1983. *See Meadowbriar Home for Children, Inc. v. Gunn*, 81 F. 3d 521, 532 (5th Cir. 1996). Additionally, Plaintiff's claims against Sheriff Thompson are without merit. In order to state a claim for monetary damages under § 1983, Plaintiff must allege some specific, personal wrongdoing on the part of each individual defendant, and theories of vicarious liability or *respondeat superior* are not sufficient. *Rizzo v. Goode*, 423 U.S. 362, 376, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Because Plaintiff has failed to allege facts sufficient to show that Sheriff Thompson was personally involved in the alleged constitutional violation, his claims against this defendant should be dismissed.

In order for Plaintiff to prevail on his Eighth Amendment claim for delay and denial of adequate medical care, he must allege facts which demonstrate "deliberate indifference to . . . [a] serious medical need[] . . . [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors in their response to the prisoner's needs or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle*, 429 U.S. at 105; nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference, *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985). Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir.1991);

*Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993)("negligent medical care does not constitute a valid section 1983 claim."). Further, medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.1995).

In light of the foregoing, Plaintiff's claims against Lt. Suggs and Officer Scott don't pass muster. Plaintiff testified that Scott told him that he was on the list of persons who needed dental treatment. And, by his own admission, he received ibuprofen "daily or whenever he could get it" from jailers. Based on this, Plaintiff has failed to allege facts sufficient to establish that either Suggs or Scott was deliberately indifferent to a serious medical need. Therefore, it is my recommendation that this case be dismissed for Plaintiff's failure to state a claim of constitutional dimension.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 30th day of May, 2008.

/s/ Eugene M. Bogen
UNITED STATES MAGISTRATE JUDGE